UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| GARY COOPER | * | CIVIL ACTION |
| --- | --- | --- |
| VERSUS | * | NO. 08-0021 |
| JEFFERY TRAVIS, WARDEN | * | SECTION "I"(6) |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for the following reasons, IT IS RECOMMENDED that petitioner's federal application be DISMISSED WITH PREJUDICE AS UNTIMELY.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(I)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Background Facts

Petitioner, Gary Cooper, is a state prisoner incarcerated at the Rayburn Correctional Center, Angie, Louisiana. The record reflects that on May 27, 2004, Cooper pled guilty to nine counts of a ten count bill of information and was sentenced, as follows: **(Count 1)** Distribution of a Schedule II Controlled Dangerous Substance in violation of La. R.S. 40:967(A), (5 years); **(Count 2)** Distribution of a Schedule IV Controlled Dangerous Substance in violation of La. R.S.40 :867(A) (five years); **(Count 3)** Distribution of a Schedule II Controlled Dangerous Substance in violation of La. R.S. 40:967(A) and Violation of a Controlled Dangerous Substance within One Thousand Feet of Property Used For School Purposes or Recreation Park Area, in violation of La. R.S. 40:981.3 (7 ½ years); **(Count 4)** Distribution of a Schedule IV Controlled Dangerous Substance in violation of La. R.S. 40:867(A) and Violation of a Controlled Dangerous Substance within One Thousand Feet of Property Used For School Purposes or Recreation Park Area, in violation of La. R.S. 40:981.3 (7 ½ years); **(Count 5)** Distribution of a Schedule IV Controlled Dangerous Substance in violation of La. R.S. 40:867(A) and Violation of a Controlled Dangerous Substance within One Thousand Feet of Property Used For School Purposes or Recreation Park Area, in violation of La. R.S. 40:981.3 (7 ½ years); **(Count 6)** Attempted Possession With Intent to Distribute a Schedule II Controlled Dangerous Substance, in violation of La. R.S. 40: 27: 967(A) (2 ½ years); **(Count 7)** Distribution of a Schedule II Controlled Dangerous Substance in violation of La. R.S. 40:967 (five years); **(Count 8)** Distribution of

a Schedule II Controlled Dangerous substance in violation of La. R.S. 40:967 (5 years) ; and, **(Count 9)** Distribution of a Schedule II Controlled Dangerous Substance in violation of La. R.S. 40:967 (5 years). The court ordered Counts 1 and 2 to run concurrent with each other, Counts 3-5 to run concurrent with each other, but consecutive with Counts 1 & 2. Count 6 was to run consecutive with Counts 1-5 and Counts 7-9 were to run concurrent with each other but consecutive to Counts 1-6. The court ordered that credit be given for time served.[2] Petitioner did not appeal but did pursue state post-conviction relief.

On or about December 14, 2007, petitioner filed the instant federal application for *habeas corpus* relief.[3] In support of his application, petitioner raises the following claims for relief: 1) The trial court's acceptance of a guilty plea encompassing a *nolle prossed* charge was invalid; 2) Counsel was ineffective when he advised petitioner to accept a plea agreement which included a *nolle prossed* charge; 3) counsel was ineffective in advising petitioner to accept a guilty plea which included charges that had no basis in fact or law; and, 4) counsel was ineffective in advising petitioner incorrectly of the time he would actually

---

[2]See May 27, 2004 Minute Entry at State Rec. Vol. 1 of 2; See also State Rec. Vol. 1 of 2, "Boykin & Sentence" transcript.

[3]Petitioner is given the benefit of the date he signed and dated the application. The filing date in this court was actually January 2, 2008. See Rec. Doc. 1.

serve in prison under the plea agreement.⁴ The state argues, *inter alia*, that petitioner's federal application is untimely.⁵ The state is correct.

Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).⁶

As noted, on May 27, 2004, petitioner pled guilty to 9 out of 10 counts charged in a bill of information in the 22ⁿᵈ Judicial District Court, St. Tammany Parish, Louisiana. He was sentenced on that same date. Cooper did not file a direct appeal within the thirty days allowed by state law, thus his convictions and sentences became final no later than June 28, 2004.⁷ Generally, pursuant to 28 U.S.C. § 2244(d)(1)(A), the period that petitioner had to file his application for federal *habeas corpus* relief with respect to his state

---

⁴See Rec. Doc. 1.

⁵See Rec. Doc. 5, Answer at pp. 2-3.

⁶ Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

⁷ La.C.Cr.P. art. 914(B)(1) ("The motion for an appeal must be made no later than ... Thirty days after the rendition of the judgment or ruling from which the appeal is taken."); *State v. Counterman*, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). Since the thirty day deadline for filing an appeal fell on a Saturday, the deadline was extended until the Monday, June 28ᵗʰ, 2004.

criminal judgment commenced on that date and would expire one year later, i.e., on June 28, 2005, unless that deadline was extended through tolling.

Petitioner did not file his federal habeas application by the June 28, 2005 deadline, instead waiting to file until December 14, 2007. Although he did file, on or about October 6, 2005,[8] a uniform application for state post-conviction relief (PCR), which was denied by the state district court on October 11, 2006, this state post-conviction application was filed too late to toll the statute of limitations. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. See 28 U.S.C. § 2244(d)(2). Petitioner's PCR, which was "pending" from October 6, 2005 until the Louisiana Supreme Court denied review of the application on November 21, 2007, cannot extend the federal limitations period under §2244(d)(2), however, because the federal deadline had already expired on June 28, 2005, a date prior to the initial filing of the PCR in the state district court.

The United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies

---

[8]The state application was actually stamped as filed on October 17, 2005 but the court gives petitioner the benefit of the date he allegedly signed and dated the application, consistent with *Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006) (Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a state filing, thus such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system"). A copy of the PCR application can be located in State Rec. Vol. 2 of 2.

principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). The decision whether to equitably toll the limitations period turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Petitioner bears the burden of proof to establish entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Petitioner has not filed an opposition to the State's claim that his petition is untimely and a review of the pleadings and record before this court does not reveal any basis for equitable tolling to be applied to petitioner's case. Since petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief was not timely and therefore must be dismissed with prejudice.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Gary Cooper be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been

served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass' n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).⁹

New Orleans, Louisiana, this  12th  day of ___August____, 2010.

                                                    _____
                                                    LOUIS MOORE, JR.
                                                    UNITED STATES MAGISTRATE JUDGE

---

⁹*Douglas* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.