# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GARY COOPER** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 08-0021** |
| **JEFFERY TRAVIS, WARDEN** | * | **SECTION: "I"(6)** |

### O R D E R AND REASONS

The Court, having considered the petition, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the objections by petitioner, Gary Cooper, which are hereby **OVERRULED**, approves the Report and Recommendation and adopts it as its opinion in this matter. The Court, however writes separately to address why petitioner's objections are OVERRULED.

Petitioner claims that he was misinformed by the state district judge and led to believe that he had two years within which to file either his state or federal post-conviction challenges to his conviction. In support of this contention, Cooper attaches a copy of his "Boykin & Sentence" transcript to his Objection, specifically referring to a statement made by the state district judge on page 19 of that document, as follows:

> The Court:   The court gives the defendant credit for time served after his arrest on the charges I have before me, and I remand him to the sheriff for fingerprinting and execution of sentence.
>
> Also, pursuant to Article 930.8 of the Code of Criminal Procedure, you have two years from the date that your sentence becomes final to file for post conviction relief. Since you waived your right to trial here today and entered a guilty plea and as a result of giving up your right to trial, you also gave up your right to appeal, your sentence is final here today, so your two years in which to file for any post conviction

relief starts to run today.

Petitioner argues that it would be appropriate for this Court to apply the doctrine of equitable tolling because he relied on the court's statement, to his detriment, that he had two years within which to file for federal post-conviction relief rather than the one year limitations period which is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. §2244(d)(1).

The United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam) (internal quotations omitted); *See also Davis*, 158 F.3d at 810. The petitioner bears the burden of establishing that equitable tolling is appropriate. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (2000) (per curiam).

In providing the challenged notice to petitioner of his two year statute of limitations, the state district judge was complying with the obligation set forth in Louisiana Code of Criminal Procedure art. 930.8 (C) which provides:

> At the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief either verbally or in writing. If a written waiver of rights form is used during the acceptance of a guilty plea, the notice required by this Paragraph may

be included in the written waiver of rights.

It is clear that the state district judge was fulfilling the responsibility set forth under state law, i.e., La. Code Proc. art. 930.8(C)(2004), because the judge specifically referenced "Article 930.8 of the Code of Criminal Procedure."[1] There is no similar obligation on the part of the state district judge to notify petitioner of any possible rights and remedies which he may have under *federal* law.

It was not reasonable for petitioner to interpret the state judge's statement as advising that a two year limitations period applied to federal petitions. Petitioner's own failure to exercise due diligence in investigating the procedure which governed his federal claims does not elevate his situation to the "rare and exceptional circumstance" required to justify equitable tolling. Additionally, petitioner's own lack of legal sophistication does not warrant equitable tolling as "ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling or other exceptions to a law's requirements." *Felder v. Johnson*, 204 F.3d 168, 171-2 (5th Cir. 2000), citing *Fisher v. Johnson*. 174 F.3d 710, 714 n. #13 (5th Cir. 1999).

New Orleans, Louisiana this 2nd day of September, 2010.

_____
UNITED STATES DISTRICT JUDGE

---

[1]See "Boykin & Sentence" transcript at p. 19.